Filed 10/25/24  P. v. Vargas CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AMADEO VARGAS,<br><br>    Defendant and Appellant. | B333227<br><br>Los Angeles County<br>Super. Ct. No. PA099832 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Maura F. Thorpe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Statutory citations are to the Penal Code.

In February 2023, an anonymous caller tipped off the police that Amadeo Vargas had been discharging a firearm in and around his family home. The police arrested Vargas shortly thereafter.

At Vargas's first court appearance, his attorney declared a doubt as to his mental competence. The court suspended criminal proceedings pursuant to section 1368, and ordered Vargas transferred to the mental health division for examination and hearing.

Dr. Rebecca Najera examined Vargas and found him competent. Based on Najera's report, the mental health court found Vargas competent to stand trial and reinstated criminal proceedings.

Vargas's attorney declared a doubt as to his competence for a second time, and requested a long form report. The court granted counsel's request and again suspended criminal proceedings under section 1368 and ordered Vargas transferred to the mental health division for examination and hearing.

Dr. Haseeb Haroon examined Vargas, found him competent, and prepared a long form report describing his examination. Based on Haroon's report, the mental health court found Vargas competent to stand trial and reinstated criminal proceedings.

After the preliminary hearing, an information charged Vargas with two counts of discharge of a firearm with gross negligence, in violation of section 246.3(a).

At the pre-trial hearing, the parties explained their efforts to resolve the case. The prosecutor stated that if Vargas was willing to go to a residential treatment facility for six months, he was willing to offer a term of probation for three years. Without

treatment, the prosecution's offer was a two-year term of imprisonment. Vargas rejected the offer.

That same day, Vargas made an oral motion for new counsel under *People v. Marsden* (1970) 2 Cal.3d 118. The court held a confidential hearing and denied the motion, stating: "[a]ll we have is a situation where Mr. Vargas wants more attention paid to his case, wants a trial faster than can realistically occur, but that is not a basis to grant a *Marsden* motion. I find that [counsel] has properly represented Mr. Vargas and will continue to be able to represent him . . . ."

At trial, the prosecutor presented the testimony of four witnesses: Vargas's niece Xanthe Ramirez, Sergeant Ramiro Gonzalez, Detective Frank De Perno, and Officer Steven Jimenez.

Ramirez testified about the events that led to Vargas's arrest. Vargas and Ramirez had lived in the same house along with various other relatives, including Vargas's parents, sister, brother-in-law, another niece, and a great-niece. Ramirez first observed Vargas with a gun in February 2023. She and her other family members then began to hear loud noises that sounded like gunshots. Ramirez filmed four videos of Vargas with the gun, which she later provided to law enforcement. She testified that she took these videos for "the family's safety." She observed Vargas discharging the gun in the backyard and heard gunshots coming from his bedroom.

A few days after Vargas obtained the gun, Ramirez received a call from the police department. The police officer Ramirez spoke to informed her that the police had received an anonymous call about Vargas. The same day that Ramirez received the call, the police arrested Vargas and Ramirez showed

3

police officers, including Jimenez, the bullet holes around the property.

Gonzalez testified that he had reported to Vargas's house with a few other officers in response to a call about a man with a gun. Upon arrival, Gonzalez observed Vargas holding a gun. The officers told Vargas to put the gun down, and after a few minutes, Vargas complied.

Next, De Perno testified that Vargas's handgun was a semi-automatic Sig Sauer P220 with a .45 caliber, a four-inch barrel, and an eight-round magazine. De Perno also testified that if someone used this type of handgun to shoot through the wall of a house, the bullet was very likely to penetrate the wall and injure someone.

Finally, Jimenez testified that he had also gone to Vargas and Ramirez's home in response to the call. As Jimenez walked around the property, he observed multiple spent casings, which indicated that someone had fired bullets. Jimenez also recovered some ammunition from Vargas's bedroom.

The jury deliberated for just over twenty minutes before returning with a verdict. The jury found Vargas guilty of both counts.

The court sentenced Vargas to a term of imprisonment of two years for the first count, and eight months for the second count, reasoning the middle term was appropriate in light of the aggravating factors.

Vargas appealed from this sentence, and we appointed counsel to represent him. Counsel examined the record and filed an opening brief raising no issues and asking this court to review the record independently under *Wende*. Vargas did not file a supplemental brief.

4

We have examined the entire appellate record consisting of the clerk's transcript and reporter's transcript, including the sealed reporter's transcript of the *Marsden* hearing. We are satisfied that appointed counsel fully complied with her responsibilities. There are no arguable appellate issues. (*Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

We affirm the judgment.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.